## 7672. GRIER v. THE STATE.

1. The following charge was excepted to: "If you believe beyond a rea-- sonable doubt in this case that on the date alleged, S. B. Walker, this prosecutor, did deliver to this defendant, Webster Grier, a check signed by Mr. S. B. Walker and made payable to Webster Grier, the defendant, for the purpose of going to the Sparta Savings Bank, in Sparta, Ga., and collecting from that bank the amount of the face of that check, $15, for the purpose of using that money in going to Mr. Chamlee as set forth in this accusation, and paying there a certain mortgage held by Mr. Chamlee against Webster Grier, the defendant, and having Mr. Chamlee, the owner and holder of that mortgage, to transfer the mortgage to the prosecutor in this case, Mr. S. B. Walker, and that Webster Grier did accept this check and collected this amount of $15 on this check from Sparta Savings Bank, and did not appropriate it to the payment of this mortgage, as I before explained to you, but instead did wrongfully and fraudulently appropriate the same to his own use and benefit, without the consent of the prosecutor in this case, you would find him guilty." Under the facts of the case this charge was not erroneous for any of the reasons assigned.

2. Where, under section 192 of the Penal Code, it is sought to charge a violation of a trust, in that the accused failed to apply the property to the use or benefit of the *person delivering it,* it is not necessary that the indictment should allege the ownership of the property. *Norfleet v. State,* 9 *Ga. App.* 853 (72 S. E. 447). It follows that in such a case, where the allegations of the indictment are sustained by the proof, it is not necessary that the ownership of the property should be established by the evidence. Moreover, in this case a fair inference from the evidence shows that the property entrusted to the defendant was owned by the prosecutor, the person who delivered it to the defendant.

3. The verdict was authorized by the evidence.

DECIDED OCTOBER 31, 1916.

Accusation of larceny after trust; from city court of Sparta— Judge Moore. July 23, 1916.

*Evans & Evans,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

BROYLES, J. The defendant was entrusted by the prosecutor with a check drawn by the latter, payable to the defendant, on the Sparta Savings Bank, for fifteen dollars, for the purpose of obtaining the money on the check and of paying it to a third person, on a note and mortgage held by that person against the defendant, and of having the note and the mortgage transferred from the third person to the prosecutor. The prosecutor himself delivered the check to the defendant, who was a cropper and employee of the prosecutor. The undisputed evidence shows that the defendant

cashed the check and received the fifteen dollars, but failed to pay off the note and mortgage, and failed to have the mortgage transferred to the prosecutor, and that he spent the money otherwise, for his own use and benefit. The point is made that the evidence shows that the check or money was entrusted to the defendant by the prosecutor to be applied for the use or benefit of the *defendant,* and that it was not so entrusted for the purpose of being applied for the use and benefit of the prosecutor, the person delivering it. We can not say, as a matter of law, that the prosecutor (the person who delivered the check to the defendant) would have received no benefit from the transaction, if the trust had been carried out by the accused. If the debt and the mortgage securing it had been transferred to him, he would be entitled to interest on the indebtedness; and we can readily surmise that it might inure to the benefit of a person for him to pay a debt which his cropper and employee owed to some "Shylock" who was harassing the debtor and demanding a "pound of flesh," thereby relieving and benefiting his employee, and also benefiting himself by making the employee happier and more contented, and thus obtaining for himself a better satisfied and more desirable servant.

There was some evidence authorizing the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*